**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mister Softee Inc.; Mister Softee Franchise LLC,<br><br>        Plaintiffs,<br><br>vs.<br><br>Nidal Awawda dba Mister Frosty,<br><br>        Defendant. | CV 11-01632-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiffs' motion for default judgment, permanent injunction, and attorney's fees (doc. 11).

**I**

Plaintiffs are family owned businesses established in 1956. They offer franchisees the right to use their specially designed ice cream trucks to sell soft-serve ice cream, hard ice cream, frozen desserts, and other products. These trucks alert their customers that they are in the area by playing Mister Softee's musical jingle, which is registered as a sonic mark with the United States Patent and Trademark Office at Registration no. 2218017 (the "Mister Softee Sonic Mark").[1] Defendant operates an ice cream truck in Phoenix, Arizona that plays the Mister Softee Sonic Mark without permission. Plaintiffs filed this action on August 19,

---

[1] The jingle can be heard on Mister Softee's website at http://www.mistersoftee.com/softee-funzone.

1    2011. After defendant failed to answer or otherwise appear, plaintiffs sought entry of
2    default, which was entered by the Clerk on September 15, 2011 (doc. 10). Defendant has not
3    moved to set aside default and has not otherwise appeared.

## II

5    The general rule concerning default judgments is that well-pled allegations in a
6    complaint are taken as true. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir.
7    2002). We are not required to issue detailed findings of fact. Id. The complaint (doc. 1)
8    contains well-pled facts concerning defendant's infringing use of the Mister Softee Sonic
9    Mark, and we accept these allegations as true.

10   A party is entitled to permanent injunctive relief if it can show (1) an irreparable
11   injury; (2) an inadequate remedy at law to compensate the injury; (3) that an injunction is
12   warranted after balancing the hardships between the parties; and (4) the public interest would
13   not be harmed by granting the injunction. eBay Inc. v. MercExchange, LLC, 547 U.S. 388,
14   391, 126 S. Ct. 1837, 1839 (2006). We conclude that all four requirements for permanent
15   injunctive relief are met. First, once a plaintiff establishes a likelihood of confusion in a
16   trademark infringement action, it is "ordinarily presumed" that irreparable harm will result
17   in the absence of injunctive relief. Vision Sports, Inc. v. Melville Corp., 888 F.2d 609, 612
18   n.3 (9th Cir. 1989). Of all the factors considered in assessing likelihood of confusion, the
19   Ninth Circuit has noted that the "strength of [the] marks, [] intentional and exact copying of
20   the marks, and the direct competition for a specific and limited consumer group" weighed
21   heavily in the court's finding that a likelihood of confusion existed. Au-Tomotive Gold, Inc.
22   v. Volkswagen of Am., Inc., 457 F.3d 1062, 1078 (9th Cir. 2006). Here, defendant is selling
23   ice cream using a jingle that is identical to the Sonic Mark of a company in business over 50
24   years. This is intentional and exact use of a trademarked song that markets a similar product,
25   ice cream, to consumers.

26   Second, plaintiffs have no adequate remedy at law. There is no indication that
27   defendant, who has failed to appear at all in this action, has any intention of stopping his
28   infringement. It would be impossible for plaintiffs to follow defendant's ice cream truck

1  down the street and sue him every time that he played their Sonic Mark. Indeed, due to the
2  injury caused by continuing infringement, "[i]njunctive relief is the remedy of choice for
3  trademark and unfair competition cases." Century 21 Real Estate Corp. v. Sandlin, 846 F.2d
4  1175, 1180 (9th Cir. 1988). Next, the balance of hardships tips in plaintiffs' favor. Plaintiffs
5  are not asking that defendant stop selling ice cream. They simply ask that he stop using their
6  song to do so. The cost to defendant in complying will be minimal, while plaintiffs face
7  potential losses of customers, revenue, and distinctiveness with continued infringement.
8  Finally, the public has an interest in not being deceived or confused by defendant's use of the
9  Sonic Mark. Customers who are led to believe that they are purchasing Mister Softee ice
10 cream from a Mister Softee truck should receive Mister Softee products. Plaintiffs have
11 shown that they are entitled to a permanent injunction.

12    The injunction sought is a court order that defendant remove the music box from his
13 truck or alter it so that it no longer plays the Mister Softee Sonic Mark and report that he has
14 done so to this court within five days of our order. Mandatory injunctions seeking to compel
15 performance of an act are "particularly disfavored." Transwestern Pipeline Co. v. 17.19
16 Acres of Prop. Located in Maricopa Cnty., 550 F.3d 770, 776 (9th Cir. 2008) (quotation
17 omitted). "In general, mandatory injunctions are not granted unless extreme or very serious
18 damage will result." Marlyn Nutraceuticals. Inc. v. Mucos Pharma GmbH & Co., 571 F.3d
19 873, 879 (9th Cir. 2009) (quotation omitted). Here, plaintiffs have not shown that extreme
20 or very serious damage will result if defendant is not affirmatively ordered to remove his
21 music box. There has been no proof, for example, that defendant's ice cream products are
22 harmful and will cause serious damage if people mistake his truck for a Mister Softee truck,
23 buy his ice cream, and ingest it. An injunction simply preventing defendant from further use
24 of the Mister Softee Sonic Mark will effectively preserve plaintiffs' trademark rights.

25                                           **III**

26    Under the Lanham Act, a court "in exceptional cases may award reasonable attorney
27 fees to the prevailing party." 15 U.S.C. § 1117(a). A fee award is appropriate when a
28 defendant's infringement was "malicious, fraudulent, deliberate, or willful." Rio Props., Inc.

- 3 -

1 v. Rio Int'l Interlink, 284 F.3d 1007, 1023 (9th Cir. 2002). Here, plaintiffs alleged that defendant knowingly used the Mister Softee Sonic Mark without permission and "willfully intended" to dilute plaintiffs' marks. Compl. at 5. Because the complaint's allegations are deemed true, Fair Housing, 285 F.3d at 906, defendant's default establishes his willful and deliberate infringement of plaintiffs' mark. An award of attorney's fees is therefore appropriate. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) (holding that fee award was justified under the Lanham Act when the defendant defaulted and the complaint alleged willful infringement).

## IV

**IT IS ORDERED GRANTING** plaintiffs' motion for default judgment and for permanent injunction (doc. 11). Nidal Awawda and his agents, employees and any person or entity acting in concert with him are permanently enjoined from using the Mister Softee Sonic Mark (United States Patent and Trademark Office Registration No. 2218017).

**IT IS ALSO ORDERED GRANTING** plaintiffs' motion for attorney's fees (doc. 11). Plaintiffs will have seven (7) days from the date of this order to submit an itemization of attorney's fees along with any supporting documentation. Defendant will then have seven (7) days to file any objections to the reasonableness of the fees.

The Clerk shall enter judgment.

DATED this 28th day of December, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge